JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Perez Castillo, Nahomi
Castillo Merida, Demelin

**DEFENDANTS**
United States of America
Muhlenburg Hospital

(b) County of Residence of First Listed Plaintiff: **Union**

County of Residence of First Listed Defendant: **N/A**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Michael B. Zerres, Esq.
Blume, Goldfaden, Berkowitz, Donnelly, Fried & Forte, PC
One Main Street
Chatham, NJ 07928
mzerres@njatty.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Alleging neurologic birth injury, generally known as Erb's Palsy.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE                    DOCKET NUMBER

Explanation:

DATE: 2/22/10

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**BLUME, GOLDFADEN, BERKOWITZ,
DONNELLY, FRIED & FORTE**
A Professional Corporation
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Attorneys for Plaintiff
MBZ/2471

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAHOMI PEREZ CASTILLO, by her Guardian Ad Litem, DEMELIN CASTILLO MERIDA, and DEMELIN CASTILLO MERIDA and HECTOR PEREZ Individually<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, MUHLENBURG HOSPITAL, JOHN DOES, M.D. 1-5, and JANE DOES, R.N. 1-5 (a class of fictitiously named defendants), and DOE PHYSICIAN GROUP, P.C. 1-5 (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or plaintiff's injury)<br><br>Defendants. | CIVIL ACTION NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiffs, NAHOMI PEREZ CASTILLO, a minor by her Guardian ad Litem, DEMELIN CASTILLO MERIDA, and DEMELIN CASTILLO MERIDA and HECTOR PEREZ Individually, residing at 158 Watchung Avenue, Plainfield, New Jersey, by way of Complaint say that:

### JURISDICTION AND VENUE

1. The plaintiff, NAHOMI PEREZ CASTILLO, a minor by her g/a/l DEMELIN CASTILLO MERIDA , and the plaintiffs, DEMELIN CASTILLO

MERIDA and HECTOR PEREZ, Individually.

2. Upon information and belief, SHIRLEY J. McDUFFIE, C.N.M. at all relevant times was an employee of THE PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION d/b/a PLAINFIELD HEALTH SERVICES.

3. Upon information and belief, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), THE PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION and its employees have been deemed to be federal employees and SHIRLEY J. McDUFFIE, C.N.M. was acting within the scope of her federal employment at the time of the events alleged herein. As such, the UNITED STATES OF AMERICA is a proper defendant in this case, as a result of being the employer of these health care providers.

4. Upon information and belief, the defendant, MUHLENBURG HOSPITAL, is a corporation incorporated under the laws of the State of New Jersey with its principal place of business located at Park Avenue and Randolph Road, Plainfield, New Jersey.

5. Upon information and belief, the defendants, JOHN DOES, 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiffs' care and vacariously, administratively, or directly responsible for the other medical providers' actions and for plaintiffs' injuries) are citizens of the State of New Jersey or are corporations incorporated under the

laws of the State of New Jersey having a principal place of business in the State of New Jersey.

6. This Court has exclusive subject matter jurisdiction over civil actions on claims against the defendant, UNITED STATES OF AMERICA, for, *inter alia*, money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his/her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred pursuant to 28 U.S.C. § 1346(b)(1).

7. Venue is proper in the United States District Court of New Jersey pursuant to 28 U.S.C. § 1391, insofar as the individual defendants were citizens of this District at the time of the occurrence and are subject to personal jurisdiction.

### FIRST COUNT

1. Plaintiffs, DEMELIN CASTILLO MERIDA and HECTOR PEREZ, are the parents of the infant, NAHOMI PEREZ CASTILLO, have no interests in this action contrary to those of said infant plaintiff and have consented to act as her guardian ad litem.

2. On or about September 11, 2006, and at times prior thereto, the plaintiff, DEMELIN CASTILLO MERIDA, was a patient at defendant, MUHLENBURG HOSPITAL, and was treated by SHIRLEY J. McDUFFIE, C.N.M., and, THE PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION d/b/a PLAINFIELD HEALTH SERVICES, employees of

3

defendant, UNITED STATES OF AMERICA, and defendants JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries), their agents, servants and/or employees, for the purpose of receiving prenatal care and giving birth.

3. All the defendants above were or appeared to be agents, servants and employees of defendant, MUHLENBURG HOSPITAL, making it vicariously liable for their negligence.

4. SHIRLEY J. McDUFFIE, C.N.M.,, JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, P.C. 1-5 (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries), were doctors, midwives, nurses or other health care personnel employed by defendant, UNITED STATES OF AMERICA (THE PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION d/b/a PLAINFIELD HEALTH SERVICES) or MUHLENBURG HOSPITAL, which defendants were negligent and careless in the care and treatment rendered to plaintiffs and did thereby

4

deviate from accepted standards of medical and midwifery care as a result of which plaintiffs sustained the injuries, damages and losses referred to herein.

5. Said defendants, their agents, servants and/or employees were negligent and careless in the diagnosis and treatment of plaintiffs' condition, and did deviate from accepted standards of medical and midwifery care regarding said diagnosis and treatment, as a result of which plaintiff NAHOMI PEREZ CASTILLO sustained serious, permanent and disabling injuries and will in the future experience great pain and suffering, was caused to incur extensive medical bills for medical treatment, care and rehabilitation and will incur large medical bills in the future; has in the past and will in the future continue to be impaired and disabled and will lose large sums of money for income she would earn but for her injuries and disabilities and, will suffer a loss of enjoyment of life.

WHEREFORE plaintiffs hereby demand damages against the defendants together with costs.

## SECOND COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as though set forth herein at length.

2. Plaintiffs, DEMELIN CASTILLO MERIDA and HECTOR PEREZ, are the parents of plaintiff NAHOMI PEREZ CASTILLO, and as such are entitled to her services.

3. Plaintiffs, DEMELIN CASTILLO MERIDA and HECTOR PEREZ, as the parents of NAHOMI PEREZ CASTILLO were caused to suffer severe

mental and emotional distress and anguish as the result of their daughter's injuries and have lost and will lose her services to which they otherwise would have been entitled.

4. As a result of the actions of the defendants aforesaid, plaintiffs did sustain and will continue to sustain indefinitely in the future severe mental and emotional distress and anguish.

WHEREFORE plaintiffs hereby demand damages against the defendants together with costs.

### THIRD COUNT

1. Plaintiffs repeat each and every allegation of the prior counts as though set forth herein at length.

2. Plaintiffs, DEMELIN CASTILLO MERIDA and HECTOR PEREZ, are the parents of plaintiff NAHOMI PEREZ CASTILLO, and as such are responsible for her debts.

3. Plaintiffs, DEMELIN CASTILLO MERIDA and HECTOR PEREZ, as the parents of NAHOMI PEREZ CASTILLO, have been and will be caused to incur medical and related expenses.

4. As a result of the actions of the defendants aforesaid, plaintiffs did incur and will continue to incur in the future medical and related expenses, and, further, have and will experience a loss of their daughter's services.

5. In addition, plaintiffs DEMELIN CASTILLO MERIDA and HECTOR PEREZ have provided therapeutic services to their daughter to help treat her injury and will continue to do so in the future, and, as such they are entitled to compensation for the reasonable value of therapeutic services provided.

WHEREFORE, plaintiffs hereby demand damages against the defendants together with costs.

## FOURTH COUNT

1. Plaintiffs repeat each and every allegation of the prior Counts as though set forth herein at length.

2. The defendants failed to disclose and/or advise the plaintiffs of all the risks, benefits, treatment, options, alternatives and necessary information that a reasonably prudent person would want to have under the circumstances then existing to consider, weigh and choose knowledgeably the options available, and thus failed to give the plaintiffs the information required to make informed choices concerning medical care.

3. As a result of those failures, defendants were negligent and careless in the treatment that was rendered to plaintiff, NAHOMI PEREZ CASTILLO and did deviate from accepted standards in rendering said care, as a result of which plaintiff NAHOMI PEREZ CASTILLO sustained serious, painful and permanent injuries, was caused to endure great pain and suffering, will in the future lose large sums of money for wages, and will in the future be obliged to expend large sums of money for medical care and attention.

WHEREFORE plaintiffs demand judgment for damages against the defendants together with costs.

## FIFTH COUNT

1. Plaintiffs repeat each and every allegation of the prior Counts as though set forth herein at length.

2. Defendants, MUHLENBURG HOSPITAL, THE UNITED STATES OF

7

AMERICA (THE PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION d/b/a PLAINFIELD HEALTH SERVICES) DOE PHYSICIAN GROUP, PA or DOE PHYSICIAN GROUP, PC 1-5 or DOE MANAGED CARE COMPANY is the name of the group, entity, practice and/or corporation which either employed or is otherwise vicariously liable for the negligence of defendants JOHN DOES 1-5 (a class of fictitiously named doctors), JANE DOES 1-5 (a class of fictitiously named nurses), DOE PHYSICIAN GROUP, PC 1-5, (fictitious designations representing the class of as yet unknown business entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, administratively, or directly responsible for the other medical providers actions and for plaintiffs' injuries) who are those persons and/or entities affiliated with defendant hospital and/or UNITED STATES OF AMERICA that had a duty to adopt, implement, oversee, review and have in effect appropriate and necessary policies, procedures and safeguards so as to ensure that appropriate care, treatment, instructions, discharge, consultations, advice, and follow-up care were provided to plaintiffs.

3. Said defendants negligently and recklessly breached those obligations described above, as result of which plaintiffs suffered the injuries, damages and losses described herein.

WHEREFORE plaintiffs hereby demand damages against all defendants together with costs.

8

**SIXTH COUNT**

1. Plaintiff, DEMELIN CASTILLO MERIDA, repeats each and every allegation of the prior counts as if set forth herein at length.

2. At the time plaintiff, NAHOMI PEREZ CASTILLO, was a patient at defendant, MUHLENBURG HOSPITAL, she was treated by defendants, JANE DOES, R.N. 1-5 (a class of fictitiously named defendants), all of whom were nurses or other health care personnel employed by or on the staff of defendant, JANE DOES, R.N. 1-5, which defendants were negligent and careless in the medical care and treatment rendered and did thereby deviate from accepted nursing standards as a result of which plaintiff sustained the injuries, damages and losses referred to herein.

WHEREFORE, plaintiffs hereby demand damages against the defendants, together with interest and costs of suit.

**SEVENTH COUNT**

1. Plaintiff, DEMELIN CASTILLO MERIDA, repeats each and every allegation of the prior counts as if set forth herein at length.

2. The defendants, JOHN DOES, M.D., 1-5 and JANE DOES, R.N., 1-5 (a class of fictitiously named defendants) and DOE PHYSICIAN GROUP, PA or DOE PHYSICIAN GROUP, PC or DOE MANAGED CARE (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual defendants in this matter or with plaintiff's care and vicariously, directly or administratively responsible for the other medical providers' actions or failures or plaintiff's injury) were also involved in the treatment of plaintiffs, and also deviated

9

from accepted standards of practice and were negligent so as to cause the same injuries, losses and damages to the plaintiffs as is set forth herein.

WHEREFORE, plaintiffs hereby demand damages against the defendants, together with interest and costs of suit.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

### DESIGNATION OF TRIAL ATTORNEY

MICHAEL B. ZERRES, ESQ. is hereby designated as trial attorney.

### AFFIDAVIT OF MERIT

See Affidavit of Merit of Amos Grunebaum, M.D. attached hereto.

### CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, except that plaintiffs have filed a Notice of Federal Tort Claim prior to the filing of these pleadings, nor is any other action or Arbitration contemplated. All parties currently known to plaintiffs who should have been joined in this action, have been joined.

                                BLUME, GOLDFADEN, BERKOWITZ,
                                DONNELLY, FRIED & FORTE, P.C.

                                BY: _____
                                    MICHAEL B. ZERRES

Dated: February 22, 2010

                                ONE MAIN STREET
                                CHATHAM, NEW JERSEY 07928