United States District Court
for the District of New Jersey

N.P.C., by her Guardian Ad Litem DEMELIN
CASTILLO MERIDA, and, DEMELIN
CASTILLO MERIDA and HECTOR PEREZ,
Individually,

        *Plaintiffs*,

V.

UNITED STATES OF AMERICA

        *Defendant*.

Civil No: 10-992 (KSH)(CLW)

**ORDER OF DISTRIBUTION OF SETTLEMENT**

**Katharine S. Hayden, U.S.D.J.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the settlement amount of $350,000.00 (the "Settlement Amount") set forth in the Stipulation of Compromise, Settlement, and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation"), shall be distributed according to the terms and conditions of the Stipulation. With respect to the funds that will be issued by check to Plaintiffs' attorney pursuant to paragraph 11 of the Stipulation, the following disbursements are approved by the Court and ordered to be paid as provided herein from the attorney's client trust account:

1. Attorney's fees: $77,886.37;
2. Disbursements, Costs and Expenses: $38,454.51;
3. Payment to the Treasurer, State of New Jersey for reimbursement of minor's Medicaid lien: $36,525.35;
4. Mandelbaum Salsburg: $2,400.00 for the preparation of a Special Needs Trust;
5. Demelin Castillo Merida: $12,500.00 for her personal injury; and

6. Hector Perez: $12,500.00 for his personal injury.

7. The aggregated amount of set forth in No. 3 above is based upon Plaintiffs' counsel's representation to the Court that he has conducted a diligent search of his files and his clients' files, identified the names of individuals and entities who may have a lien or claim for payment or reimbursement for providing goods or services to the minor or for making payments on behalf of the minor, has determined the amount claimed by each, and calculated the aggregate amount claimed. The aggregate amount of said liens and claims shall be used to pay or resolve the liens and claims identified above. Once said liens or claims have been paid or finally resolved, Plaintiffs' counsel shall pay the balance (the "Balance") of the funds to the Special Needs Trust of N.P.C. of 2015.

8. The remaining proceeds in the amount of $169,733.77 received by N.P.C., including all payments derived from any annuity, and the right to receive any payments from any annuity derived from this settlement, whether they represent principal or income, and any principal or income payable from any other source that was derived :from the settlement shall be paid (and are hereby irrevocably assigned) to the Trustee of the Trust described in the subsequent paragraphs of this Order, and thereafter held in trust for the remainder of N.P.C.'s life to be used only to meet those of her needs that cannot be met through private insurance or under any government or private program of financial entitlements, services or other benefits. During N.P.C.'s lifetime, the trust assets shall not be used to reimburse any public or private agency, including an insurance carrier, for the care, support, maintenance or education of N.P.C. or to pay any associated fees. The proceeds shall not be paid to N.P.C. or applied for her benefit for any purpose, including payment for food, clothing or shelter, if to do so would render her

ineligible for any public or private program of significant value, or, significantly reduce the benefits to which she is entitled.

9. S.O.S. Eldercare Consultants, L.L.C., shall serve as trustee under a Trust Agreement. Said Trust Agreement shall be known as N.P.C. SPECIAL NEEDS TRUST. No bond shall be posted.

10. Plaintiffs having submitted to the Court for review a Trust Agreement which conforms to the terms of this Order, such agreement is approved. Said Trust having been established by Plaintiff, Demelin Castillo Merida at the direction of this Court. For the purposes of 42 U.S.C.A. § 1396p(d)(4XA) and 42 U.S.C.A. § 1382b(e)(5), the Trust shall be deemed to have been established by the Court. (Exhibit A - Trust Agreement).

11. The personal representatives of N.P.C. are directed to continue to seek all benefits and services that N.P.C. is now or may be entitled to receive from any government or private program, including private insurance. None of these benefits shall be commingled with any funds that the Court has directed to be placed into Trust.

**ORDERED** that the clerk of the court is directed to close the case.

Dated this 30th day of March 2016

_____
Katharine S. Hayden, U.S.D.J.